**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| JOSE ANTONIO CABRERA, |
| Defendant. |

09 FEB 2011

MEMORANDUM DECISION AND ORDER

05 CR 1008 (GBD)

GEORGE B. DANIELS, District Judge:

On July 12, 2006, Defendant Jose Antonio Cabrera was sentenced to 70 months of imprisonment and 3 years of supervised release for illegal re-entry following his conviction for an aggravated felony in violation of 8 USC §§ 1326(a), (b)(2). Defendant's guideline range was 70 to 87 months, based upon a Total Offense Level of 21 and a Criminal History Category of V.

On September 13, 2010, Defendant filed a "Motion for Reduction of Sentence Based on Application of Retroactive Applicable Amendments."[1] Defendant seeks a reduction in his term of imprisonment based upon a 2010 amendment to Section 4A1.1(e) of the United States Sentencing Guidelines (the "Guidelines") that eliminates "recency" points.[2] See 18 USCS Appx C, Amend 742 ("Reason for Amendment"). Defendant contends that the amendment has been "made retroactively applicable to this case" and that, as a result, his guideline range has

---

[1] Defendant's motion is technically premature because the amendment at issue did not take effect until November 1, 2010. Nevertheless, the merits of the instant motion will be considered given that the amendment is now in effect.

[2] Section 4A1.1(e) previously provided as follows: "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item." 18 USCS Appx C, Amend 742.

1

decreased to 51 to 71 months.[3] The Government has not submitted a response in opposition to Defendant's motion.

## STANDARD OF REVIEW

Though it is well established that a district court may not generally modify a term of imprisonment once imposed, "in limited circumstances, a sentence reduction may be authorized by Congress and the Sentencing Commission." United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009) (citing Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007)). Pursuant to 18 U.S.C. § 3582(c)(2), a sentenced defendant may move the court to reduce his sentence where the Sentencing Commission has lowered the applicable sentencing range pursuant to 28 U.S.C. § 994(o). Such a reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c) (2). Guidelines § 1B1.10 identifies those amendments that a court may apply retroactively pursuant to 18 U.S.C. § 3582(c) (2). See United States v. Williams, 551 F.3d 182, 186 (2d Cir. 2009) ("Congress has made it clear that a court may reduce the terms of imprisonment under § 3582 (c) only if doing so is 'consistent'" with § 1B1.10); United States v. Savoy, 567 F.3d 71, 73 (2d Cir. 2009) ("§ 1B1.10 is binding on sentencing courts").

## APPLICATION

Guidelines Amendment 742 cannot serve as the basis for a reduction in Defendant's sentence. This amendment is not listed in subsection (c) of Guidelines § 1B1.10 as an amendment that the Sentencing Commission intended to have retroactive effect.[4] Any

---

[3] Based upon the Sentencing Table in effect at the time of Defendant's sentencing, his Guideline Range would have been 57-71 without the two-point increase for recency.

[4] The "Covered Amendments" are as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as

retroactive application of the amendment to Defendant's sentence would be inconsistent with the policy of the Sentencing Commission and thus barred under 18 U.S.C. § 3582(c)(2). Nevertheless, even if the amendment did have retroactive effect, the sentence imposed still falls within the reduced Guideline Range and thus is reasonable.

## CONCLUSION

Defendant's motion to reduce his sentence is DENIED.

Dated: New York, New York
       February 9, 2011

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

---

amended by 711, and 715. See 18 USCS Appx § 1B1.10(c).